UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DARAYMOSS LISTER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No.11-135-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RICHARD IVES, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Petitioner Daraymoss Lister ("Lister"), an individual currently incarcerated in the United States Penitentiary - McCreary ("USP-McCreary"), in Pine Knot, Kentucky, has submitted a habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, and has paid the filing fee. Lister challenges the amount of jail time credit the Bureau of Prisons ("BOP") has given him on his federal sentence [R. 2], claiming that he is entitled to additional credit on his federal sentence for the period of time from May 6, 2006, through October 17, 2007, a total of 530 days.

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979)*; see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face thereof that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

1

**I.**

As grounds for his § 2241 petition, Lister asserts that the BOP improperly denied him credits pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) on his federal sentence from May 6, 2006, through October 17, 2007, and that the BOP erroneously denied his request for a *nunc pro tunc* designation. In this action, Lister requests the Court to order the BOP to award him the requested *Willis* credits of 530 days on his sentence and the requested *nunc pro tunc* designation.

In summary, this action concerns (1) the interplay of federal and state sentences, (2) determining when one is in federal custody and/or state custody, (3) determining when a consecutive federal sentence begins to run, and (4) BOP Program Statement 5880.28 ("PS 5880.28). Upon review, the Court concludes that Lister is not entitled to any additional jail time credit and will dismiss his § 2241 petition. The rationale for this decision is set out below.

**II.**

In order to determine whether Lister is entitled to *Willis* credits and/or a *nunc pro tunc* designation, a brief chronological summary of his state and federal convictions and the respective sentences he has received and served is necessary. Lister's allegations and/or attachments to his petition portray the following sequence of events:

**May 6, 2006** - Lister was arrested in Center, Texas, on state charges of possession of a controlled substance, delivery of a controlled substance, possession of a firearm, and assault. He was taken into state custody and remained confined in the Shelby County Jail in Center, Texas.

**August 1, 2006 -** Lister was indicted by a federal grand jury in the United States District Court for the Eastern District of Texas, Lufkin Division, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Daraymoss Lister*, No. 9:06-CR-39.

**August 7, 2006 -** While Lister was in the primary custody of the State of Texas on the May 2006 state offenses, he was removed from the Shelby County Jail in Center, Texas, pursuant to a writ of habeas corpus ad prosequendum, and was taken into federal custody by the U.S. Marshal in order to appear at a hearing in federal court on the pending federal charge, Case No. 9:06-CR-39 in the Eastern District of Texas, Lufkin Division. He was arraigned and detained in the Angelina County Jail in Lufkin, Texas, pending trial scheduled for October 16, 2006. Prior to trial, Lister entered into a Plea Agreement with the United States and pled guilty to being a felon in possession of a firearm, Count 1 of the indictment. He remained in custody awaiting sentencing.

**January 24, 2007 -** Lister was sentenced in federal case no. 9:06-CR-39, and received a 77-month sentence, to be followed by a 3-year term of supervised release. Subsequent to sentencing, the U.S. Marshal returned Lister to state custody at the Shelby County Jail.

**May 3, 2007 -** The state charges for which Lister was arrested on May 6, 2006, in Center, Texas (06CR-16, 606; 06CR-16; 607), were resolved.[1] The state charge of possession of a firearm was dismissed in lieu of Lister's prosecution in federal court on the similar charge of being a felon in possession of a firearm, the state charge of assault was dismissed, and Lister received concurrent 18-month sentences on the remaining state charges of possession of a controlled substance and delivery of a controlled substance.

**October 18, 2007 -** Lister was released from his 18-month, concurrent state sentences and was taken into federal custody by the U.S. Marshal to begin service of his federal sentence imposed on January 24, 2007.

### III.

### A.

The concept of primary custodial jurisdiction is grounded in *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922). In *Ponzi*, the Supreme Court held that the question of which sovereign

---

[1] The fact that Lister was arrested on May 6, 2006, on state charges (one of which was possession of a firearm), and then subsequently indicted on August 1, 2006, on the federal offense charging that on or about May 6, 2006, Lister committed the offense of being a felon in possession of a firearm, indicates that the state of Texas elected to defer prosecution on the state charge of possession of a firearm in lieu of Lister being prosecuted in federal court for the same

3

exercises custodial jurisdiction over an individual charged with crimes against two sovereigns was a matter of comity between the two sovereigns. It is well-settled that primary custodial jurisdiction remains vested in the sovereign that firsts arrests the defendant until that sovereign relinquishes its priority over the defendant. *See, Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *Roche v. Sizer*, 675 F.2d 507, 509-510 (2nd Cir. 1982). Courts have uniformly held that primary custody remains with the sovereign that initially arrested a prisoner, even when the prisoner is taken elsewhere by federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. *See, United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *see also United States v. Insley*, 927 F.2d 185, 186-87 (4th Cir. 1991) ("official detention" in 18 U.S.C. § 3585– the successor statute to § 3586–means "physical incarceration"); *Huffman v. Perez*, No. 99-6700, 2000 WL1478368 (E.D. Ky. Sept. 27, 2000) (defendant spent 26½ months primarily in the custody of North Carolina and secondarily in the custody of the U.S. Marshals Service pursuant to the writ of habeas corpus *ad prosequendum*).

After being arrested on state charges on May 6, 2006, Lister was in the primary custody of Texas. He was then "borrowed" from the state of Texas, pursuant to a writ of habeas corpus *ad prosequendum*, by the United States Marshal for purposes of appearing in federal court on various proceedings related to the federal charge. As noted above, however, the temporary removal or transfer of a prisoner from state custody to federal authorities, in compliance with a writ of habeas corpus *ad prosequendum*, does not operate to transfer primary custodial jurisdiction from the state to federal authorities. Such a transfer does not alter the fact that the

---

charge that was also a federal offense. For this reason, the state firearm possession charge was dismissed.

4

prisoner remains in the primary custody of the state. *See, e.g., Easley v. Stepp*, 5 F. App'x 541 (7th Cir. 2001).

Generally, primary jurisdiction can be relinquished by operation of law, such as bail release, dismissal of the state charges, parole release, or expiration of state sentence. *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D. Pa. 1996). Primary jurisdiction may also be relinquished by the mutual agreement of the two custodial jurisdictions. *United States v. McCrary*, 220 F.3d 868 (8th Cir. 2000); *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997). Thus, the sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish its jurisdiction to another sovereign, if that sovereign accepts. This discretionary election is an executive function of the two sovereigns. *Poland*, 117 F.3d at 1098. In Lister's case, Texas did not relinquish its primary custodial jurisdiction to the United States.

**B.**

As pointed out in BOP PS 5880.28, prior custody time credit on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

Pursuant to the foregoing statute, a defendant is only entitled to credit for time "that has not been credited against another sentence." In essence, Section 3585(b) prohibits awarding dual credit on a federal sentence. Under the statute, the Attorney General, through the BOP, is authorized to grant credit for any presentence detention to a prisoner. *See, e.g., United States v. Wilson*, 503 U.S. 329, 333-35 (1992). However, a federal inmate is not entitled to any credit for time attributed to a state sentence. *Wilson*, 503 U.S. at 337; *Nguyen v. Department of Justice*, No. 97-6489, 1999 WL 96740, (6th Cir. Feb. 3,1999) (time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence). The Sixth Circuit has consistently held that if a prisoner received credit towards his state sentence for the time spent in detention, he may not also receive prior custody credit for this same time toward his federal sentence. *See, e.g., Huffman*, 230 F.3d at 1358; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 42 Fed. App'x 756 (6th Cir. 2002).

Consequently, Lister is not entitled to additional credit toward his federal sentence as he has already received credit toward his state sentence from May 6, 2006, to October 17, 2007, the period of time for which he is seeking credit in his habeas petition. Any further benefit would result in improper "double crediting," in violation of 18 U.S.C. § 3585(b). Thus, no further custody credit is warranted. *See Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for the time toward his current federal sentence.").

## C.

Although Lister was indicted on the state charges before he was indicted on the federal offense of being a felon in possession of a firearm, he was sentenced on the federal charge before

6

he was sentenced on the state charges. Thus, at the time of Lister's federal sentencing, he was not serving a state sentence because it had yet to be imposed.

18 U.S.C. § 3584(a) states, in pertinent part, that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Moreover, the Sixth Circuit has held that the District Court is without power to impose a sentence consecutively to a not-yet-imposed state sentence. *United States v. Quintero*, 157 F.3d 1038, 1039-41 (6th Cir. 1998).

**1.**

On January 24, 2007, Lister was sentenced on the federal charge of being a felon in possession of a firearm and received a 77-month sentence. However, at the time of this sentencing, Lister was still in the primary custody of Texas, where he had been since his arrest on the state charges on May 6, 2006. After Lister was sentenced in the federal case, he was returned to a Texas state facility, awaiting disposition of the state charges. Lister remained in state custody until on or about October 17, 2007, when he was released to federal authorities to begin service of his federal sentence.

Because Lister was in the primary custody of Texas at the time his federal sentencing, his federal sentence did not commence on the date of imposition and could not commence until he was released from state custody to federal authorities to begin service of his federal sentence. Although he was in the primary custody of Texas at the time of his federal sentencing, he was not serving a state sentence at that time; therefore, as a matter of law, Lister's federal sentence was necessarily a *consecutive* sentence that could not begin to run so long as Lister was in state custody.

**2.**

Lister states that on May 3, 2007, he received an 18-month sentence on the state charges (possession of a controlled substance and delivery of a controlled substance), with both the assault charge and the firearm possession charge dismissed. Although Lister was sentenced on the state charges after he was sentenced on the federal charge, the fact remains that at the time of his federal sentencing, he was in the primary custody of Texas and was required to serve the state sentence before he was released to federal authorities to begin service of his federal sentence.

Lister was released from his state sentence on October 18, 2007, at which time he was taken into federal custody to begin service of his 77-month federal sentence.[2] Since Lister received the 18-month state sentence on May 3, 2007, and was released from that sentence from that sentence on October 18, 2007, a little more than five months after it was imposed, it is clear that he received credit on his 18-month sentence for all of the time he was in state custody from the date of his arrest on May 6, 2006 until he was sentenced on May 3, 2007.

It is well-established that a federal prisoner is not entitled to receive credit against a consecutive federal sentence for time served under the primary jurisdiction of a state authority, regardless of whether he was housed in a federal facility or a state facility. Title 18 U.S.C. § 3585(b) provides that prior custody credit cannot be granted if the prisoner has received credit towards another sentence. The general rule is that no credit is applied to a federal sentence if credit has been given for the same period of custody towards a state sentence. *See Wilson*, 503 U.S. at 333-35 ("Congress has made clear that a defendant could not receive double credit for his detention time.").

---

[2] Per the "Inmate Locator" feature on the BOP's website, http://www.bop.gov, Lister's projected release date is September 3, 2013.

Consequently, the BOP properly denied Lister's request for additional jail time credit on his federal sentence and for a *nunc pro tunc* designation.

**IV.**

The fatal flaw in Lister's claim is that he fails to understand that (1) he was in state custody beginning on May 6, 2006, and was in state custody on January 24, 2007, the date the federal sentence was imposed, and (2) since the federal sentence was a consecutive sentence, it would not have commenced until he was released from state custody. Lister is not entitled to any additional credit on his federal sentence because all of the time for which he seeks credit was credited to the service of his 18-month Texas sentence.

For the foregoing reasons, Lister's habeas petition filed pursuant to 28 U.S.C. § 2241 is without merit.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The petition filed by Daraymoss Lister for a for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**;

2. This action will be **DISMISSED** and **STRICKEN** from the active docket; and,

3. Judgment shall be entered contemporaneously with this Order in favor of Warden Richard Ives, the named Respondent.

This, the 29th day of November, 2011.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge